Fuller v. Evatt.

---

## Fuller v. Evatt.

EXECUTION SALE: *Redemption : Taxes paid by purchaser not included.*
The owner of land sold under execution may redeem it without paying the taxes paid on it by the purchaser since his purchase. They are no part of "the lawful charges" required by the statute. The purchaser's remedy for them is by action at law.

APPEAL from *Scott* Circuit Court.
Hon. WILLIAM WALKER, Circuit Judge.

*Duval & Cravens* for appellant.
Taxes are not within the meaning or intent of the words "and all lawful charges," in *section 2697 Gantt's Digest.*

They refer entirely to such charges as were allowed to be made by the clerk, and which were on file or ascertainable in his office. *Rover on Jud. Sales, sec. 1162 ; Freeman on Ex., 323, 333 ; 6 Cush., 70; 13 Cal., 609 ; 2 Burr., 1052, etc.; 3 Met., 521; 9 Serg. & R., 109 ; 1 Bibb, 295.*

The clerk, under our revenue law, is not authorized to collect taxes assessed upon land.

*Clendenning & Sandels* for appellee.

The words "lawful charges," as used in *sec. 2697 Gantt's Digest*, can not mean clerk's fees, for he is allowed none, and if he was, the sum paid would go to the clerk, and *not be held for the use of the purchaser.* As *no fees are allowed the clerk*, a charge made by him would not be a *lawful charge.* There is no statute allowing the clerk a fee for marking the redemption on the books, nor is there any general provision under which he could demand a fee. *32 Ark., 45; 35 Ib., 438; 25 Ark., 235.*

Taxes are "lawful charges." The State has a lien on the land for them (*Gantt's Digest, 5153; Miller's Digest, 103*), which attaches in October. These taxes the purchaser was compelled to pay to avoid penalty, and should have been paid to the clerk for the use of the purchaser.

The right of redemption is purely statutory. (*Rover Jud. Sales, 906; 1 How., 311.*) Where a new right is given and the mode of enforcing it is also given, such prescribed remedy is exclusive. *Brooks v. Baxter, 29 Ark.; 13 Barb., 217.*

SMITH, J. Upon a judgment recovered in Sebastian Circuit Court against Fuller, an execution was issued to Scott County and was levied upon land. Under this writ it was sold to one Finley on the twentieth of March, 1880. On the fourteenth of October, 1880, the judgment debtor applied to the clerk of the court out of which the writ had issued to redeem, and a redemption was permitted upon payment of the purchase money, with interest at fifteen per cent. per annum. However, on the twentieth of April, 1880, Finley had paid to the collector of Scott County the taxes for 1879, amounting to $2.50. After the expiration of twelve months from the sale, the sheriff conveyed the land to the purchaser, his deed reciting that the sale had

EXECUTION SALE:

Redemption. Taxes not included.

not been redeemed from. And the purchaser sold and conveyed to Evatt, who brought ejectment. A jury being waived, the court found the facts as above stated, and declared the law to be that the attempted redemption was ineffectual, and that the legal title had passed to and vested in the plaintiff.

*Section 2697 of Gantt's Digest* provides that the debtor may redeem, at any time within twelve months, by paying to the clerk of the court out of which the execution issued, the purchase money, with fifteen per cent. per annum, and all lawful charges.

The only question is, whether the expression "lawful charges" includes taxes paid by the purchaser after the sale under execution and before redemption.

While redemption is a statutory right, and to be pursued under the terms and upon the conditions prescribed by the statute which confers the right, yet it is not expressly required that the owner, to entitle himself to redeem, shall refund taxes subsequently advanced by the purchaser. Nor are we at liberty to infer that this meaning was in the mind of the Legislature. Courts can not incorporate new terms into the provisions of a statute. While it would have been eminently just to make the repayment of such taxes a condition of redemption, it is probable the Legislature would have distinctly said so if such had been their meaning, and would have provided some method of bringing such payments to the notice of the officer before whom the redemption is to be effected. "Charges" here mean the costs of the clerk connected with the act of redeeming.

Purchaser's remedy is by action at law. And the purchaser is remitted to his action at law against the party for whose use and benefit he may have paid the taxes.

Reversed, and remanded for a new trial.